UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

HAROLD LEE KENNEDY,                  )
                                     )  No. CV-08-3002-JPH
          Plaintiff,                 )
                                     )  ORDER GRANTING DEFENDANT'S
v.                                   )  MOTION FOR SUMMARY JUDGMENT
                                     )
MICHAEL J. ASTRUE, Commissioner      )
of Social Security,                  )
                                     )
          Defendant.                 )
                                     )
_____)

     BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on September 2, 2008.  (Ct. Rec.
17, 21).  Attorney D. James Tree represents Plaintiff; Special
Assistant United States Attorney Stephanie R. Martz represents the
Commissioner of Social Security ("Commissioner").  The parties
have consented to proceed before a magistrate judge. (Ct. Rec. 8.)
After reviewing the administrative record and the briefs filed by
the parties, the court **GRANTS** Defendant's Motion for Summary
Judgment (Ct. Rec. 21) and **DENIES** Plaintiff's Motion for Summary
Judgment (Ct. Rec. 17.)

**JURISDICTION**

Plaintiff filed an application for SSI signed May 24, 2004, alleging onset as of May 1, 2003. (Tr. 62-63.) The application was denied initially and on reconsideration. (Tr. 41-42, 45-48.) Administrative Law Judge (ALJ) Ralph W. Jones held a hearing on March 8, 2007. (Tr. 272-300.) Plaintiff, represented by counsel, and vocational expert Gary Jesky testified. On April 20, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 14-20.) The Appeals Council denied a request for review on December 20, 2007. (Tr. 5-7.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on January 14, 2008. (Ct. Rec. 1, 4.)

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 41 years old at onset and 44 on the date of the hearing. (Tr. 275.) He completed eleventh grade and earned a GED. (Tr. 74, 275.) Plaintiff has past relevant work as a dishwasher and food assembler. (Tr. 69, 291.) He alleges disability as of May 1, 2003, due to vision and hearing problems, arthritis of the knees and ankles, back, kidney, gallbladder and urology problems, dizzy spells, loss of short and midterm memory, and high blood pressure. (Tr. 68,75, 274.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability"

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 2 -

as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 3 -

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 4 -

1 plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
2 Cir. 1984).

3                          **STANDARD OF REVIEW**

4      Congress has provided a limited scope of judicial review of a
5 Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold
6 the Commissioner's decision, made through an ALJ, when the
7 determination is not based on legal error and is supported by
8 substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995
9 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.
10 1999).  "The [Commissioner's] determination that a plaintiff is
11 not disabled will be upheld if the findings of fact are supported
12 by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572
13 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence
14 is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d
15 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.
16 *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
17 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
18 573, 576 (9th Cir. 1988).  Substantial evidence "means such
19 evidence as a reasonable mind might accept as adequate to support
20 a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
21 (citations omitted).  "[S]uch inferences and conclusions as the
22 [Commissioner] may reasonably draw from the evidence" will also be
23 upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
24 On review, the Court considers the record as a whole, not just the
25 evidence supporting the decision of the Commissioner. *Weetman v.
26 Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.
27 Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

28

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 15.)  At steps two and three, the ALJ found that plaintiff suffers from a back disorder, hearing loss, and a personality disorder, impairments that are severe but which do not alone or combination meet or medically equal a Listing impairment. (Tr. 15-16.)  At step four, relying on the VE's testimony, the ALJ found plaintiff is unable to perform his past relevant work. (Tr. 18.)  At step five, again relying on the VE, the ALJ found there are other jobs plaintiff can perform.  Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 18-

20.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, he argues that the ALJ erred by: (1) improperly rejecting the opinions of his treating physicians; (2) conducting an inadequate RFC assessment; and (3) failing to include all of plaintiff's limitations in the hypothetical presented to the VE. (Ct. Rec. 18 at 13-20).

The Commissioner opposes the plaintiff's motion for summary judgment and asks that the ALJ's decision be affirmed. (Ct. Rec. 22 at 2-3).

**DISCUSSION**

**A.  Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th

Cir. 1989).  However, the treating physician's opinion is not
"necessarily conclusive as to either a physical condition or the
ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,
751 (9th Cir. 1989) (citations omitted).  More weight is given to
a treating physician than an examining physician. *Lester v.
Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more
weight is given to the opinions of treating and examining
physicians than to nonexamining physicians.  *Benecke v. Barnhart*,
379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining
physician's opinions are not contradicted, they can be rejected
only with clear and convincing reasons.  *Lester*, 81 F. 3d at 830.
If contradicted, the ALJ may reject an opinion if he states
specific, legitimate reasons that are supported by substantial
evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44
F. 3d 1435, 1463 (9th Cir. 1995).

    In addition to the testimony of a nonexamining medical
advisor, the ALJ must have other evidence to support a decision to
reject the opinion of a treating physician, such as laboratory
test results, contrary reports from examining physicians, and
testimony from the claimant that was inconsistent with the
treating physician's opinion.  *Magallanes v. Bowen*, 881 F.2d 747,
751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th
Cir. 1995).

    Plaintiff contends that the ALJ improperly rejected some of
the opinions of his treating physicians, specifically Dr.
Bothamley's opinion that plaintiff needs to lie down during the
day, and, given the ALJ's assessed RFC for light work, the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 8 -

opinions of Drs. Bothamley and Newkirk that plaintiff is limited to sedentary work. (Ct. Rec. 18 at 15-17.)  The Commissioner responds that the ALJ properly weighed the medical evidence.  (Ct. Rec. 22 at 2-3, 10-13.)

On October 1, 2004, Wallace Newkirk. M.D., opined that plaintiff's overall work level is sedentary.  (Tr. 170.) The ALJ describes Dr. Newkirk as a treating physician (Tr. 18, referring to Tr. 170), but the record indicates October 1, 2004, is his first visit with plaintiff. (Tr. 171.)  The ALJ notes Dr. Newkirk's opinion is the same as Dr. Bothamley's (in October of 2005) that plaintiff "could perform sedentary work with restrictions."  (Tr. 18.)

The ALJ characterizes Dr. Bothamley as plaintiff's primary treating physician:

> In contrast [to the opinion of the consulting agency physician], the claimant's primary treating physician, Dr. Bothamley, provided a very supportive statement regarding the claimant's alleged disability (Ex. 17).  In the March 5, 2007, statement, Dr. Bothamley wrote that claimant needs to lie down during the day, that he would miss 4 or more days per month, and that these limitations among others have existed for 20 years.  Upon closer examination of Dr. Bothamley's actual treatment records, there is no reference to this daily limitation as well as an absence of any objective medical basis for the suggested restrictions and projected absences (Ex. 16F).  In fact, the first office visit on June 23, 2005, is long after the claimant's alleged 2003 onset and well after the claimant's April 26, 2004, Title XVI application.  Dr. Bothamley stated his belief claimant could perform sedentary work with restrictions in his October 2005 physical capacity determination (Ex. 13F).  Similarly, the claimant's ability to work, and to work in a sedentary capacity, was supported by treating physician Newkirk in his October 2004 capacity report (Ex. 9F).  These are not the only treating opinions offered.

(Tr. 17-186).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                  - 9 -

The ALJ observes both consulting agency physician Morris Fuller, M.D. (on December 3, 2004), and treating physician Judy Richardson, M.D. (on June 8, 2004), opined plaintiff is capable of light work. (Tr. 18, referring to Exhibits 2F and 10F at Tr. 121, 175-178.)

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility. (Tr. 17-18.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when assessing credibility,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 10 -

including the lack of objective evidence supporting plaintiff's subjective complaints. (Tr. 17-18.) The ALJ points out that plaintiff's testimony that he is in constant pain, fatigued due to insomnia for the last 16 years, unable to concentrate or remember information, and extremely limited physically in that he cannot walk, stand or sit longer than 15 minutes, is undercut by taking only non-prescribed ibuprofen for his conditions (with the exception of prescribed medication for high blood pressure). (Tr. 17.) While not relied on by the ALJ, examining physician Emily Moser, M.D., indicated on August 8, 2005, that plaintiff's chronic back pain "is treated with ibuprofen quite effectively." (Tr. 183.)

The ALJ observes that while plaintiff alleges constant, disabling pain, objective tests do not support the degree of impairment alleged: (1) 2006 hip x-rays reveal "mild" bilateral degenerative changes without evidence of any other bony abnormality, no erosive or destructive changes, no soft tissue calcification and no prior fractures (Tr. 18, referring to Ex. 8F); and (2) 2004 left shoulder x-rays reveal moderate osteoarthritis, early bilateral knee osteoarthritis, and mild lumbar and thoracic disc degeneration. (Tr. 18, referring to Exhibits 8F, 14F, and 15F.)

The ALJ rejected Dr. Bothamley's assessed limitation of the need to lie down daily and to miss 4 or more days of work each month because Dr. Bothamley opined that these limitations, and others, have existed for 20 years [plaintiff has past relevant work during this time]; Dr. Bothamley's treatment records do not refer to a daily need to lie down; his treatment records contain

no objective medical basis for the restriction to lie down or the projected absenteeism, and he does not assess a limitation meeting the twelve month durational requirement.  (Tr. 18.)

When he weighed the medical opinions, the ALJ considered plaintiff's credibility, the objective medical evidence, the lack of prescription pain medication despite complaints of disabling pain, the inconsistencies in Dr. Bothamley's assessments, and the opinions of other treating and reviewing physicians that plaintiff is capable of a range of light work.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  Magallanes v. Bowen, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

Even if the evidence of probable malingering (Tr. 137-139) is excluded, the ALJ provided clear and convincing reasons for finding plaintiff's allegations not fully credible: complaints of disabling pain are undercut by taking non-prescribed medication (and are undercut further by plaintiff's statements to medical providers that ibuprofen is "quite effective," and  objective findings do not substantiate plaintiff's multiple subjective complaints.  The ALJ gave specific and legitimate reasons for discounting some of Dr. Bothamley's contradicted assessed limitations.  These include relying on the opinions of other

treating, examining and consulting physicians, as well as plaintiff's assessed credibility, to the extent Dr. Bothamley relied on plaintiff's discredited self-report.

The ALJ's assessment of the medical opinion evidence is supported by the record and free of legal error.

**B.    RFC assessment**

Plaintiff alleges the ALJ erred by failing to include several psychological limitations assessed by reviewing agency psychologists Mary Gentile, Ph.D., and Ed Beatty, Ph.D., in the RFC. (Ct. Rec. 18 at 17-19.)

Plaintiff has no record of treatment for psychological impairments; accordingly, there are no treating source opinions. After noting the lack of treatment records, the ALJ addresses the opinions of the agency consultants and of an examining psychologist:

> The consulting opinions universally find claimant has a personality disorder but this disorder is not disabling. Specifically, psychologist Dr. Gentile concluded claimant has mild to no functional limitations despite his personality disorder with anti-social traits, specifically pedophilia by self report, and his polysubstance abuse, in reported remission (Ex. 7F). Based on Dr. Gentile's opinion, as well as the opinions of reviewing psychologist Dr. Beatty and examining psychologist Dr. [Lawrence] Lyon, the claimant is not presumed disabled under the applicable Listing (Ex. 1F; 5F; 11F).
>
> . . . Under the "B" criteria . . . the undersigned finds the severity of the claimant's functional limitations are: no restrictions of activities of daily living; moderate difficulties in maintaining social functioning only in terms of avoiding contact with children; mild difficulties in maintaining concentration, persistence and pace secondary to his physical impairments; and no prolonged episodes of decomposition.

(Tr. 15-16.)

The RFC includes a quiet work setting to address plaintiff's hearing problems, no work involving contact with children to address pedophilia, and work limited to simple, routine, and repetitive tasks to accommodate assessed limitations with respect to detailed instructions, and, as noted, mild difficulties in maintaining concentration, persistence and pace secondary to assessed physical impairments.  (Tr. 16.)

The assessed RFC is supported by the records cited by the ALJ, as well as other evidence.  On August 6, 2004, examining psychologist Dr. Lyon assessed a current GAF of 62[1].  Test results suggested exaggeration, malingering, and lack of motivation.  (Tr. 137-138.)  On August 23, 2004, consulting agency psychologist Dr. Gentile opined plaintiff's IQ may limit him to more simple tasks. (Tr. 144.)  She assessed moderate limitations in the ability to understand, remember and carry out detailed instructions, to interact appropriately with the general public, and to maintain social functioning (caused by staying away from children).  (Tr. 142-145.)  Similarly, on December 3, 2004, agency consultant Dr. Beatty assessed the same limitations and added a moderate limitation in the ability to maintain attention and concentration for extended periods.  (Tr. 180-182.)  The ALJ assessed this as a mild limitation (Tr. 16).  The ALJ does not give specific reasons for rejecting Dr. Beatty's assessed greater degree of limitation,

---

[1]A GAF (Global Assessment of Functioning) of 62 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.  DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS FOURTH EDITION (DSM-IV), at p. 32.

moderate rather than mild impairment in the ability to concentrate for extended periods. Inferences from the evidence clearly support the ALJ's RFC. Test results strongly indicate malingering. Plaintiff has no record of any psychological treatment. In the opinion of examining psychologist Dr. Lyon, entitled to greater weight than a consultant's, plaintiff suffers mild symptoms. The ALJ's assessed limitations are supported by the record and free of legal error.

**C. Impairments included in hypothetical**

As noted, plaintiff alleges that the ALJ omitted limitations established by the evidence, including the need to lie down daily, absenteeism of four or more days of work monthly, and the psychological limitations assessed by the agency consultants discussed above. Contrary to plaintiff's argument, the ALJ included all of the limitations established by the evidence in his hypothetical.

The objective medical and other evidence supports the ALJ's finding that plaintiff has the RFC to perform a range of light work.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **DENIED.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 15 -

1     The District Court Executive is directed to file this Order,

2   provide copies to counsel for Plaintiff and Defendant, enter

3   judgment in favor of Defendant, and **CLOSE** this file.

4     DATED this 15th day of September, 2008.

5                               s/ James P. Hutton

6                         JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 16 -